UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

```
FILED BY_____ D.C.

MAR 15 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.
```

United States of America )
vs.  )   Docket No. 21-80016-CR-MARRA
Jeffrey Spivack, )
Defendant )

## DEFENDANT'S EXPEDITED MOTION TO DISMISS WITH PREJUDICE, WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW Jeffrey Spivack, defendant, pro se, and moves to dismiss all charges in the Criminal Complaint, Magistrate Court Case No. 20-8271-BER, and subsequent information with prejudice, pursuant to Rule 12 (b)(2) of the Federal Rules of Criminal Procedure.  This motion is based on the following grounds: The District Court was and remains without subject-matter jurisdiction to adjudicate the charges, accept a plea, enter a judgment, or impose sentence (including restitution and forfeiture in addition to imprisonment and supervised release), because, as set forth fully herein, subject-matter jurisdiction was never conferred by the filing of a grand jury indictment or valid information.

## I.   TIMELINESS OF FILING

The defendant acknowledges that the district court is ordinarily divested of its authority to rule on a motion or grant relief when an appeal has been docketed and is pending with the circuit court.  However, pursuant to Fed. R. Crim. P. Rule 37 (a), "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Further, pursuant to Rule 37 (c), "The district court may decide the motion if the court of appeals remands for that purpose."  With respect to when this motion may be filed, Fed. R. Crim. P. Rule 12 (b)(2) states, "A motion that the court lacks jurisdiction may be made at any time the case is pending."  It therefore follows that because the defendant filed a timely appeal with respect to both the Judgment in a Criminal Case (DE 66), and the subsequent Amended Judgment in a Criminal Case (DE 70), and the appeal is pending before the Eleventh Circuit Court of Appeals (Appeal # 21-12788-G), the case is "pending" for the purposes of Fed. R. Crim. P. Rule 12 (b)(2).  Moreover, the Supreme Court held in United States v. Ruiz, 536 U.S. 622, 628, 153 L.Ed. 2d 586, 122 S.Ct. 2450

(2002) that: "... it is familiar law that a federal court always has juris-
diction to determine its own jurisdiction."

II.   NEED FOR EXPEDITED RULING

The defendant will demonstrate from the face of the record, controlling
case law, applicable statutes, and rules of procedure that the government
never conferred subject-matter jurisdiction on this Court by filing any indict-
ment or valid information.  As a result, the defendant has been unlawfully
detained and imprisoned since October 3, 2020, and all proceedings on or after
that date constitute a legal nullity.  This motion is filed in the interest of
judicial economy.  The Eleventh Circuit Court of Appeals has scheduled the
opening brief in Appeal # 21-12788-G to be submitted by the defendant/appellant
by April 20, 2022.  However, by granting this motion on remand from the Court
of Appeals no later than April 15, 2022, this Court would obviate the filing
of appellate briefs by the defendant as appellant and the government as appellee,
as well as the exercise of supervisory power by the Court of Appeals, with the
resulting publication of a binding precedent.

III. LIBERAL CONSTRUCTION

The defendant, who is proceeding pro se, requests that this Court grant
liberal construction in considering this motion and all other pro se filings.
According to Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000),
"Pro se filings ... are entitled to liberal construction.  See Haines v. Kerner,
404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972)."

IV.  BINDING PRECEDENT OF FORMER FIFTH CIRCUIT DECISIONS

In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc),
the Eleventh Circuit adopted as binding precedent all decisions of the former
Fifth Circuit handed down before October 1, 1981.

V.   PROCEDURAL HISTORY PERTINENT TO THIS MOTION

1.   On July 31, 2020, the government filed a Criminal Complaint (DE 1)
2.   On August 3, 2020, the defendant was formally arrested (DE 2), and the
time for filing an indictment or information began.
3.   On October 20, 2020, counsel for defendant filed an "Unopposed MOTION
to Continue Arraignment" (DE 20), which was granted by Magistrate Judge BER (DE 20).
The docket notes that as a result of this continuance, "Speedy trial waived for
the period between 10/20/2020 through 11/20/2020."  This was the first motion for

continuance filed in this prosecution by any party.

4.   On November 13, 2020, counsel for defendant filed an "Unopposed MOTION to Continue Arraignment Hearing" (DE 25), which was granted on November 20, 2020 (DE 28).  The docket notes indicate that, "Upon consent of the Defendant and pursuant to the Federal Rules of Criminal Procedure 5.1(d), the Court finds that there is good cause for the extension and continuance of Defendants [sic] Arraignment.  The Court found the time period excludable from 11/20/2020 until 2/1/2021.  For the reasons stated on the record, the time from today through the rescheduled date is excluded from the deadline for trial as computed under the Speedy Trial Act.  The Court finds that the ends of justice served granting this continuance outweigh the interests of the defendant and the public in a speedy trial.  Time excluded from 11/20/2020 until 2/1/2021."

5.   On February 4, 2021, the government filed an invalid information (DE 38).

6.   On February 5, 2021, the defendant waived indictment by grand jury (DE 39), which the defendant will show herein was invalid.

7.   On March 9, 2021, the defendant presented a signed plea agreement and "Factual Proffer" (DE 47), and entered a guilty plea (DE 46), all of which defendant will show herein were invalid.

8.   On April 28, 2021, the Court entered an Order allowing a pre-sentence restitution payment (DE 54), which defendant will show herein was invalid.

9.   On May 20, 2021, the Court held a sentencing hearing and entered a Judgment in a Criminal Case (DE 65), both of which defendant will show herein were invalid.

10.  On May 28, 2021, defendant filed a Notice of Appeal of the Judgment in a Criminal Case (DE 66).

11.  On July 28, 2021, the Court entered an Amended Judgment in a Criminal Case (DE 69), which defendant will show herein was invalid.

12.  On August 9, 2021, defendant filed a Notice of Appeal of the Amended Judgment in a Criminal Case.

## ANALYSIS AND MEMORANDUM OF LAW

1.   REQUIREMENT TO CONFER SUBJECT-MATTER JURISDICTION BY INSTITUTING A "CASE" PURSUANT TO ARTICLE III, SECTION 2 OF THE UNITED STATES CONSTITUTION:

The defendant acknowledges that, as explained in United States v. Brown, 752 F.3d 1344, 1347 (11th Cir. 2014):

> "A guilty plea, since it admits all the elements of a formal criminal charge, waives all nonjurisdictional defects in the proceedings against a defendant." United States v. Fairchild, 803 F.2d 1121, 1124 (11th Cir. 1986) (quoting United States v. Jackson, 659 F.2d 73, 74 (11th Cir. 1981); see also United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003)

> ("Generally, a voluntary, unconditional guilty plea waives all nonjur-
> isdictional defects in the proceedings.")  On the other hand, jurisdic-
> tional error can never be waived by parties to litigation because it
> 'implicates a court's power to adjudicate the matter before it.'"  United
> States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002). (emphasis added).

As defendant will clearly show, the prosecution at issue is easily distinguished
from Brown, because here, there was never any indictment or valid information
that conferred subject-matter jurisdiction on the district court to adjudicate
the matter before it.  According to United States v. Choate, 276 F.2d 724 (5th
Cir. 1060):

> It is elementary that jurisdiction cannot be conferred by waiver or
> consent.  True, the district courts are national courts by Section
> 3231 of Title 18 U.S.C.A. with general jurisdiction of all offenses
> against the United States.  By Article III, Section 2 of the Consti-
> tution, however, the judicial power of the United States is limited
> to "cases" and "controversies."  Before jurisdiction attaches in a
> particluar "case," there must be "a suit instituted according to the
> regular course of judicial procedure."  Muskrat v. United States,
> 1911, 219 U.S. 346, 356, 31 S.Ct. 250, 253, 55 L.Ed. 246.  Jurisdiction
> must be properly invoked.  For example, in cases where an indictment is
> required, lack of indictment goes to the court's jurisdiction. While a
> defendant may waive the necessity of an indictment, nevertheless, in
> absence of a statute or rule providing for the filing of an information,
> waiver of indictment does not confer power on the court to hear the case
> on information. (emphasis added).

Moreover, the standard of review for subject-matter jurisdiction, Steel Co. v.
Citizens for a Better Environment, 523 U.S. 83, 102, 140 L.Ed. 2d 210, 118 S.Ct.
1003 (1998) affirms the continuing vitality of Muskrat, supra, stating:

> Article III, § 2 of the Constitution extends "judicial power" of the
> United States only to "Cases" and Controversies."  We have always
> taken this to mean cases and controversies of the sort traditionally
> amenable to, and resolved by, the judicial process.  Muskrat v. United
> States, supra, at 356-357, 55 L Ed 246, 31 S Ct 250.  Such a meaning
> is fairly implied by the text, since otherwise the purported restriction
> upon the judicial power would scarcely be a restriction at all.

The "regular course of judicial procedure" in the context of federal criminal
prosecutions is governed by the Federal Rules of Criminal Procedure, the prom-
ulgation of which was delegated by Congress to the Supreme Court.  The Supreme
Court, in turn, delegated rule-making authority to the Judicial Conference
Committees on Rules of Practice and Procedure, which includes the Standing
Committee and Advisory Committees.  In Bank of Nova Scotia v. United States,
487 U.S. 250, 255, 108 S.Ct. 2369, 101 L.Ed. 2d 228 (1988), the Supreme Court
reiterated the finding in Payner, infra, that with respect to the Federal
Rules of Criminal Procedure,

> The rule was promulgated pursuant to U.S.C. § 687 (1946 ed.) (currently
> codified, as amended, at 18 U.S.C. § 3771 [as of the date of this motion,
> at 28 U.S.C. § 2072]), which vested us with the authority to "prescribe

from time to time, rules of pleading, practice, and procedure with respect to any or all proceedings prior to and including a verdict...." Like its present day successor, § 687 provided that after a rule became effective, "all laws in conflict therewith shall be of no further force and effect." <u>United States v. Payner</u>, 447 U.S. 727, 736, 100 S. Ct. at 2446-2447, 65 L.Ed. 2d 4688 (1980).

Furthermore, Advisory Committee Notes on a Federal Rule of Procedure, "provide a reliable insight into the meaning of a rule, especially when, as here, the rule was enacted precisely as the Advisory Committee proposed." <u>United States v. Vonn</u>, 535 U.S. 55, 64 n. 6, 122 S.Ct. 1043, 152 L.Ed. 2d 90 (2002). The defendant will show that in the instant prosecution, the rule (Fed. R. Crim. P. 7 (b)) that would ordinarily provide for filing an information was vitiated by the government's failure to comply with both Fed. R. Crim. P. Rule 7 and 18 U.S.C. § 3161 (b). In <u>United States v. Montgomery</u>, 6288 F.2d 414, 416 (5th Cir. 1980), the court recognized that: "'Unless there is a <u>valid</u> waiver, the lack of an indictment in a (federal) felony case is a defect going to the jurisdiction of the court.' Wright, Federal Practice and Procedure: Criminal 121 at 213. See <u>United States v. Macklin</u>, 523 F.2d 193, 196-97 (2nd Cir. 1975)." (emphasis added).

The waiver of indictment by the defendant (DE 39) did not occur until February 5, 2021, which was <u>after</u> the government had already, erroneously, filed the information on February 4, 2021 (DE 38 - see attached copy, p. 1 of 10 with Clerk's stamp and p. 10 of 10, the unsigned "Waiver of an Indictment" entered on FLSD Docket 02/04/2021, marked as "Defense Exhibit 1"). Fed. R. Crim. P. Rule 7 (b) provides a method for waiving indictment, but imposes a mandatory condition: "An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant - in open court and <u>after</u> being advised of the nature of the crime and the defendant's rights - waives prosecution by indictment." (emphasis added). By the time the defendant appeared in open court, the information had already been filed, and it was too late to obtain the waiver. In <u>Smith v. United States</u>, 360 U.S. 1, 6, 9, 10, 79 S.Ct. 991, 3 L.Ed. 2d 1041 (1959), the Supreme Court considered the defendant/appellant's position on both due process claims and on indictment requirement claims, specifically that his waiver of indictment was invalid because it violated Rule 7, and stated, at 6, "... in view of our belief that the indictment point is dispositive of the case in the defendant's favor, we find it unnecessary to reach the due process questions presented." In <u>Smith</u>, the Court held that Rule 7 was violated because a defendant may not waive indictment when arrested for a capital offense. Here, the government erroneously filed the information without first satisfying the prerequisite filing condition of having the defendant waive indictment "... in

open court and after being advised of the nature of the charge and of the defen-
dant's rights..." (emphasis added).  Although Rule 7 was violated for a different
reason, the Court in Smith, supra, at 9 nevertheless cited "the traditional canon
of construction which calls for the strict interpretation of criminal statutes
and rules in favor of defendants where substantial rights are involved."  Further,
at 10, the Court held that because the government had violated Rule 7, "... the
United States Attorney did not have authority to file an information in this case
and the waivers made by petitioner were not binding and did not confer power on
the convicting court to hear the case." (emphasis added).  Even if the filing of
the information in Rule 7 (b) could otherwise be cured by filing a new informa-
tion after the waiver, it was already too late for the government to file an
information or an indictment for the charges contained in the Criminal Complaint
at any time after October 2, 2020, including February 4, 2021 or February 5, 2021.
2.   THE PROSECUTION FAILED TO INSTITUTE A "CASE" WITHIN THE STATUTORY DEADLINE

    In addition to filing the information prior to obtaining a valid waiver,
the government also forfeited its right to prosecute defendant when it previously
failed to either file an indictment, or first obtain a valid waiver and then file
an information within the time allowed by 18 U.S.C. § 3161 (b), which states,

> Any information or indictment charging an individual with the commission
> of an offense shall be filed within thirty days from the date on which
> such individual was arrested or served with a summons in connection with
> such charges.  If an individual has been charged with a felony in a dis-
> trict in which no grand jury has been in session during such thirty-day
> period, the period of time for filing of the indictment shall be extended
> an additional thirty days.

As previously noted, the provision for a defendant to waive the right to indict-
ment by grand jury is authorized by Fed. R. Crim. P. Rule 7 (b).  In "Notes of
Advisory Committee, Note to Subdivision (b)," the Committee explained that its
rationale for providing "[o]pportunity to waive indictment and consent to pro-
secution by information" was:

> ... particularly important in those districts in which considerable inter-
> vals occur between sessions of the grand jury.  In many districts where
> the grand jury meets infrequently a defendant unable to give bail and de-
> siring to plead guilty is compelled to spend many days, and sometimes many
> weeks, and even months, in jail before he can begin the service of his
> sentence, whatever it may be, awaiting the action of a grand jury.... In
> September 1942 the Judicial Conference recommended that provision be made
> for "waivers of indictment and grand jury trial so that persons accused
> of a crime may not be held in jail needlessly pending trial." Id* [Report
> of the Judicial Conference of Senior Circuit Court Judges (1941)] (1942).

Rule 7 (b) and the committee's reasons explained in the Note must be considered
in historical context; Rule 7 (b) was promulgated over thirty years before the

passage and phase-in of 18 U.S.C. 3161 (b), a provision which effectively
addressed the concerns of the members who drafted Rule 7 (b) by placing strict,
absolute time limits on when a defendant must be indicted by grand jury or
charged by filing a valid information.  Again, 18 U.S.C. § 3161 (b) states:

> Any information or indictment charging an individual with the commission
> of an offense <u>shall</u> be filed within thirty days from the date on which
> such individual was arrested or served with a summons in connection with
> such charges.  If an individual has been charged with a felony in a dis-
> trict in which no grand jury has been in session during such thirty-day
> period, the period of time for filing the <u>indictment</u> shall be extended
> an additional thirty days. (emphasis added).

Note that the time for filing an <u>information</u> is <u>not</u> extended if no grand jury
has been in session; this is consistent with the stated purpose of the drafters
of Rule 7 (b), to expedite a resolution to cases in which the defendants wish
to avoid unnecessary delay.  As such, § 3161 (b) condified the time requirement
of Rule 7 (b).  The fact that there is no extension of time to file an infor-
mation, even if no grand jury has been in session is also inherently logical,
because there is absolutely nothing about the absence of a grand jury - whether
due to a pandemic, or any other reason - that would prevent the government from
negotiating a plea agreement, obtaining a valid waiver of indictment first, and
then filing an information within the time allowed.  According to the docket
report in this prosecution, defendant's date of arrest (DE 2) was August 3, 2020.
Pursuant to Fed. R. Crim. P. Rule 45, the last day to file an indictment was
October 2, 2020, and the last day to file an information was September 2, 2020.
The government did not request, nor did the Magistrate Court of its own motion,
enter a continuance before the statutory period to file either an information or
indictment expired.  In fact, the first continuance to appear on the record was
an "Unopposed MOTION to Continue Arraignment" (DE 20), which was made by defense
counsel and granted on October 20, 2020, and included the provision that: "Speedy
trial waived for the period between 10/20/2020 through 11/20/2020."

3.   THE STATUTORY DEADLINE IMPOSED BY 18 U.S.C. § 3161 (b) IS JURISDICTIONAL

    The Supreme Court underscored the necessity of compliance with all require-
ments to invoke subject-matter jurisdiction by holding, in <u>Baldwin County Welcome
Center v. Brown</u>, 466 U.S. 147, 151, 152, 80 L.Ed. 196, 104 S.Ct. 1723 (1984) that:

> One who fails to act diligently cannot invoke equitable principles to
> excuse that lack of diligence.... Procedural requirements established
> by Congress <u>for gaining access to the federal courts</u> are not be be dis-
> regarded by courts out of vague sympathy for particular litigants.  As
> we stated in <u>Mohasco Corp. v. Silver</u>, 447 US 807, 826, 65 L Ed 532, 100
> S Ct 2486 (1980), "in the long run, experience teaches that strict adherence
> to the procedural requirements specified by the legislature is the best
> guarantee of evenhanded administration of the law." (emphasis added).

The jurisdictional stature of 18 U.S.C. § 3161 (b) is clearly evident when con-
sidered in the full context of the Speedy Trial Act, including with the sanctions
imposed by section 3162 (a)(1).  In United States v. Francis, 390 F. Supp. 2d
1069, 1071; 2005 U.S. Dist. LEXIS 28555, Case No. 3:05cr27/RV, the U.S. District
Court for the Northern District of Florida recognized that:

> Courts, including the Eleventh Circuit, have uniformly held that Section
> 3161 (b), requiring an information to be filed within thirty days of an
> arrest or summons, must be read in conjuction with section 3162 (a)(1),
> as quoted above.  United States v. Sayers, 698 F.2d 1128 (11th Cir. 1983);
> United States v. Varella, 692 F.2d 1352 (11th Cir. 1982)...

In Varella, supra, at 1357, the Eleventh Circuit explained:

> The Act primarily focuses on two time periods in the criminal process.
> The first is from arrest or service with a summons to the filing of an
> indictment or information.  18 U.S.C.S. § 3161 (b).  The second is from
> the filing of an indictment or information to the commencement of trial.
> 18 U.S.C.S. § 3161 (c)(1).

These two time periods serve two completely different purposes.  While the Speedy
Trial Act derives its name from the first provision of the Sixth Amendment to
"the right to a speedy and public trial," as the Supreme Court noted in Russell v.
United States, 369 U.S. 749, 761, 8 L.Ed. 2d 240, 82 S.Ct. 1038 (1962), "[o]f
like relevance is the guaranty of the Sixth Amendment that 'In all criminal pro-
secutions, the accused shall enjoy the right... to be informed of the nature and
cause of the accusation;...'"  Thus, section 3161 (b), which imposes a time limit
to file an indictment or information is not merely a "claim processing rule."
On the contrary; section 3161 (b) is a "condition to filing" a "suit instituted
according to the regular course of judicial procedure."  In Pace v. DiGuglielmo,
544 U.S. 408, 417, 161 L.Ed. 2d 669, 125 S.Ct. 1807 (2005), the Supreme Court
held, "that time limits, no matter their form, are filing conditions."  The
jurisdictional nature of section 3161 (b), read in conjuction with section
3162 (a)(1), is plain and obvious, especially considering the opinion of the
majority as expressed by Justice Thomas in Bowles v. Russell, 551 U.S. 205,
127 S.Ct. 2360, 168 L.Ed. 2d 96 (2007), which stated, at p. 104,

> Jurisdictional treatment of statutory time limits makes good sense.  Within
> constitutional bounds, Congress decides what cases federal courts have jur-
> isdiction to consider.  Because Congress decides whether federal courts
> can hear a case at all, it can also determine when, and under what con-
> ditions, federal courts can hear them.  See Curry, 6 How., at 113, 12 L.Ed.
> 363.  Put another way, the notion of "subject-matter" jurisdiction obviously
> extends to "classes of cases ... falling within a court's adjudicatory
> authority," Eberhart, supra, at 16, 125 S Ct 403, 163 L Ed 2d 14 (quoting
> Kontrick, supra, at 455, 124 S Ct 906, 157 L Ed 2d 867), but it is no less
> "jurisdictional" when Congress forbids federal courts from adjudicating an
> otherwise legitimate "class of cases" after a certain period has elapsed....."

(emphasis added).

8

Section 3161 (b) "must be read in conjunction with section 3162 (a)(1)" and not section 3162 (a)(2), because there are substantial differences between these sanctions, since they were intentionally designed and drafted as remedial measures for two distinctly different kinds of violations.  Section 3162 (a)(2):

> If a defendant is not brought to trial within the time limit required by section 3161 (c) [18 USCS § 3161 (c)] as extended by section 3161 (h) [18 USCS § 3161 (h)], the information or indictment shall be dismissed on motion of the defendant.  The defendant shall have the burden of proof supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time...  Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section. (emphasis added).

These provisions apply only to violations of section 3161 (c), and a dismissal requires "motion of the defendant," the right of which can be waived by failure of the defendant to file such a motion prior to trial or entry of a plea of guilty or nolo contendere, and the defendant shall have the burden of proof supporting such motion, precisely because subject-matter jurisdiction in such a scenario has already been invoked by filing an indictment or valid information, and it is the defendant's individual right to dismissal at stake.  By stark contrast, section 3162 (a)(1) states that:

> If, in the case of any individual against whom a complaint is filed charging such individal with an offense, no indictment or information is filed within the time limit required by section 3161 (b) [18 USCS § 3161 (b)] as extended by section 3161 (h) of this chapter [18 USCS § 3161 (h)], such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.... (emphasis added).

The sanctions of section 3162 (a)(1) apply to the period of time from arrest and complaint until an indictment or information has been filed.  During this period between arrest and complaint until a "case" as contemplated by Article III, Section 2 of the Constitution is "instituted according to the regular course of judicial procedure" by filing an indictment or valid information, subject-matter jurisdiction has not yet been conferred on the district court.  It therefore follows that this provision is self-executing; that is, there is no requirement for the defendant to file a motion, and no burden of proof supporting such motion, because the court is obligated to "dismiss or otherwise drop the charge[s]" sua sponte due to the lack of subject-matter jurisdiction, which, unlike personal jurisdiction, is not the defendant's right to waive.  Thus, the waiver provision found in section 3162 (a)(2) is conspicuously absent from section 3162 (a)(1), clearly because "jurisdictional error can never be waived by parties to litigation."  If Congress had intended to require a motion by the defendant to dismiss ("or otherwise drop") charges, and a waiver provision in section 3162 (a)(1), they would have done so; it is plain from the full context of these provisions

that they did not because they could not.  Indeed, as the former Fifth Circuit
observed in United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972),
"... where Congress has carefully employed a term in one place and excluded it
form another, it should not be implied where excluded.  City of Burbank v. General
Electric Company, 329 F.2d 825 (9th Cir. 1964).  394 F.2d at 789." (emphasis
added.  It is also revealing that section 3162 (a)(1) includes the mandatory
provision that in the event of a violation of section 3161 (b), "such complaint
shall be dismissed or otherwise dropped."  A motion pursuant to Fed. R. Crim. P.
Rule 12 (b) may be filed, but that is not the exclusive mechanism for correcting
a violation.  Other than a dismissal pursuant to Fed. R. Crim. P. Rule 48, which
is independent of §§ 3161 (b) and 3162 (a)(1), the procedure in this context in
which a charge may be "otherwise dropped" is pursuant to Fed. R. Crim. P. Rule
34, Arresting Judgment.  Rule 34 states:

> (a) In General.  Upon the defendant's motion or on its own, the court must
> arrest judgment if the court does not have jurisdiction of the charged
> offense.  (b) Time to File.  The defendant must move to arrest judgment
> within 14 days after the court accepts a verdict of finding of guilty, or
> after a plea of guilty or nolo contendere. (emphasis added).

Note that the court is obligated to arrest judgment on its own even if the def-
endant fails to file a motion, and the 14-day time limit applies only to the
defendant, so the court may (indeed, it must) arrest judgment when it becomes
aware that subject-matter jurisdiction was not conferred, no matter how long
after the defendant's guilty verdict or plea of guilty or nolo contendere, as
long as the matter is still "pending," including during the pendency of a direct
appeal.  In fact, as an alternative to granting this motion pursuant to Rule
12 (b)(2), this Court may, in the alternative dismiss the charges pursuant to
Rule 48 due to the extensive delay between arrest and the filing of a valid
information, which has still not occurred over eighteen months after the def-
endant's arrest (and is no longer possible due to the expiration of the stat-
utory time limit), or arrest judgment pursuant to Rule 34.

4.    DISTINCTION BETWEEN SUBJECT-MATTER AND PERSONAL JURISDICTION

The defendant recognizes that personal jurisdiction may be waived (as
opposed to subject-matter jurisdiction, which cannot).  As Chief Justice
Rehnquist wrote for the majority in United States v. Cotton, 535 U.S. 635,
630, 122 S.Ct. 1871, 152 L.Ed. 2d 860 (2002):

> Bain's elastic concept of jurisdiction is not what the term "jurisdiction"
> means today, i.e., "the court's statutory or constitutional power to ad-
> judicate the case."  Steel Co. v. Citizens for Better Environment, 523 U.S.
> 83, 89, 118 S.Ct. 1003, 140 L.Ed. 2d 210 (1988).  This latter concept of

> subject-matter jurisdiction, because it involves a court's power to hear
> a case, can never be forfeited or waived.  Consequently, <u>defects in subject-
> matter jurisdiction require correction regardless of whether error was
> raised in district court.</u>  See, e.g., <u>Louisville & Nashville R. Co. v.
> Mottley</u>, 211 U.S. 149, 295 S.Ct. 42, 53 L.Ed. 126 (1908).  In contrast,
> the grand jury right can be waived.  See Fed. Rule Crim. Pro. 7 (b);
> <u>Smith v. United States</u>, 360 U.S. 1, 6, 79 S.Ct. 991, 3 L.Ed. 2d 1041
> (1959).  Post-Bain cases confirm that <u>defects</u> in an indictment do not
> deprive a court of its power to adjudicate a case. (emphasis added).

<u>Cotton</u>, <u>Brown</u>, <u>supra</u>, and their progeny were all decided on the basis that a
<u>defective</u> indictment did not deprive the district court of subject-matter jur-
isdiction <u>after jurisdiction had already been conferred by filing an indictment.</u>
The prosecution at issue here is obviously distinguished from <u>Cotton</u> and <u>Brown</u>
because here, there was never <u>any</u> indictment (not even a defective indictment)
or valid information filed.  Thus, as contemplated in <u>Choate</u>, citing <u>Muskrat</u>,
subject-matter jurisdiction was never conferred on this Court with "a suit in-
stituted according to the regular course of judicial procedure," and this pro-
secution was never actually a "case" within the meaning of Article III, Section
2 at all.  Notwithstanding the fact that personal jurisdiction and the right to
grand jury indictment may be waived in non-capital cases, it would be a funda-
mental error and objectively unreasonable to conflate personal jurisdiction
with subject-matter jurisdiction.  Indeed (before being elevated to Chief Justice),
Justice Rehnquist joined the majority in <u>Insurance Corp of Ireland v. Compagnie
des Bauxites de Guinee</u>, 456 U.S. 694, 701, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.
2d 492 (1982), which unequivocally described the difference between personal and
subject-matter jurisdiction, holding that:

> The validity of an order of a federal court depends on that court's having
> jurisdiction over both the subject matter and the parties.  <u>Stoll v.
> Gottlieb</u>, 305 U.S. 165, 171-172, 83 L.Ed. 104, 59 S.Ct. 134 (1938);
> <u>Thompson v. Whitman</u>, 18 Wall 457, 465, 21 L. Ed. 897 (1874).  The con-
> cepts of subject-matter jurisdiction and personal jurisdiction, however,
> serve different purposes affecting the legal character of the two re-
> quirements.... Subject-matter jurisdiction, then, is an Art III as well
> as statutory requirement; it functions as a restriction on federal power,
> and contributes to the characterization of the federal sovereign.  Certain
> legal consequences directly flow from this.  For example, no action of the
> parties can confer subject-matter jurisdiction upon a federal court.  Thus,
> <u>the consent of the parties is irrelevant</u>, <u>California v. LaRue</u>, 409 U.S.
> 109, 34 L.Ed. 2d 342, 93 S.Ct. 390 (1972), principles of estoppel do not
> apply, <u>American Fire & Casualty v. Finn</u>, 341 US 6, 17-18, 95 L Ed 702,
> 71 S Ct 534 (1951), and a party does not waive the requirement by failing
> to challenge jurisdiction early in the proceedings.... None of this is
> true with respect to personal jurisdiction.  The requirement that a court
> have personal jurisdiction flows not from Art III, but from the Due Process
> Clause.  The personal jurisdiction requirement recognizes and protects an
> individual liberty interest.  It represents a restriction on judicial power
> not as a matter of sovereignty, but as a matter of individual liberty.
> (emphasis added).

The Fifth Circuit also recognized the fact that subject-matter jurisdiction is required, irrespective of waiver of the parties in Giannakos v. M/V Trader, 762 F.2d 1295, 1297 (5th Cir. 1985), which stated:

> "The question of subject-matter jurisdiction can never be waived.  Nor can jurisdiction be conferred by conduct or consent of the parties." C. Wright, supra.  [13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984)].  See Eagerton v. Valuations, Inc., 698 F.2d 1115, 1118 (11th Cir. 1983); A.L. Rowan & Son v. Department of Housing and Urban Development, 611 F.2d 997, 998-99 (5th Cir. 1980).  Such jurisdiction goes to the core of a court's power to act, not merely to the rights of the particular parties.  If jurisdiction could be waived or created by the parties, litigants would be able to expand federal jurisdiction by action, agreement, or their failure to perceive a jurisdictional defect.  Such a result would be in direct conflict with the concept of limited jurisdiction. Therefore, United States District Courts and Courts of Appeals have the responsibility to consider the question of subject-matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if jurisdiction is lacking.

5.  THE APPROPRIATE REMEDY IS DISMISSAL OF THE CHARGES WITH PREJUDICE AND VACATUR OF ALL PROCEEDINGS THAT OCCURRED AFTER OCTOBER 2, 2020.

By citing the following ruling from the Second Circuit in Montgomery, supra, the former Fifth Circuit specifically adopted the following relevant portions of United States v. Macklin, 525 F.2d 193, 196 (2nd Cir. 1975), which held that:

> The absence of an indictment is a jurisdictional defect which deprives the court of its power to act.  Such a jurisdictional defect cannot be waived by a defendant, even by a plea of guilty. ... in Ex parte Wilson, 141 U.S. 417, 429, 29 L.Ed. 89, 5 S.Ct. 935 (1885), the Court stated that "the District Court, in holding petitioner to answer for such a crime... without indictment by grand jury, exceeded its jurisdiction, and he is therefore entitled to be discharged." (emphasis added).

Because the government failed - due to its own lack of diligence - to file a valid information or any indictment within the strictures established by Congress in 18 U.S.C. § 3161 (b), and in compliance with Fed. R. Crim. P. Rule 7, or to obtain a continuance, it irrevocably forfeited the constitutional power and authority to ever institute a prosecution - or "case" as contemplated by Article III, Section 2 of the Constitution - against the defendant.  As a consequence, each and every proceeding that occurred subsequent to the expiration of the government's deadline for filing an indictment or valid information, including, but not limited to the waiver of indictment, plea hearing, asset forfeiture, presentence restitution payment, sentencing hearing, Judgment, and Amended Judgment in a Criminal Case was and remains a legal nullity.  Furthermore, by failing to meet the filing conditions to invoke subject-matter jurisdiction, the government forfeited not only the constitutional power and authority to prosecute defendant, but also the legal capacity to enter into a legally binding plea agreement.  As

the Supreme Court stated in Puckett v. United States, 556 U.S. 129, 137, 129 S.Ct. 1423, 173 L.Ed. 2d 266 (2009), "Although the analogy may not hold in all respects, plea agreements are essentially contracts." (emphasis added).  In Mobil Oil Exploration and Producing Southeast, Inc. v. United States, 530 U.S. 604, 607, 147 L.Ed. 2d 528, 120 S.Ct. 2423 (2000), the Court observed that: "When the United States enters into contractual relations, its rights and duties are governed generally by the law applicable to contracts between private individuals." Thus the government had no right or authority to enter into a plea agreement with defendant after October 2, 2020, and the purported plea agreement and "Factual Proffer" incorporated therein were, and remain, void ab initio.

6.   CONCLUSION

It is clear that based on the face of the record, case law cited herein, Article III, Section 2 of the United States Constitution, and the statutes and Federal Rules of Criminal Procedure cited herein, subject-matter jurisdiction was never conferred on this Court to adjudicate the instant prosecution as a "case."

WHEREFORE, the defendant, pro se, respectfully requests that this Court:

a)  Dismiss the charges in the Criminal Complaint and subsequent (invalid) information WITH PREJUDICE.

b)  Vacate the Judgment in a Criminal Case entered on May 20, 2021, the Amended Judgment in a Criminal Case entered on July 28, 2021, the defendant's guilty plea, the waiver of indictment, the information, and the plea agreement with the "Factual Proffer" incorporated therein.

c)  Order the immediate release of the defendant from the custody of the Federal Bureau of Prisons.

d)  Vacate the defendant's asset forfeiture, and refund to the defendant all sums paid for restitution and special assessment.

e)  Expunge the record of defendant's arrest and prosecution, as well as imprisonment, from any and all federal databases and record repositories.

f)  Order that the government return all items seized pursuant to the Search Warrant executed on July 31, 2020 at the defendant's residence, and order the destruction of all copies, duplicates, facsimiles, images, or clones of all digital media (including derivative files) and physical documents.

g)  Order whatever other relief to the defendant that this Court may deem fit. This motion is based on this document, attached exhibit incorporated herein, the papers and records on file in this action, and on whatever evidence and argument may be presented at hearing (if applicable) of this motion.

Respectfully submitted,

_____
Jeffrey Spivack, Defendant, pro se
Jeffrey Spivack, Reg. No. 26433-104
FCI Coleman Low - Inmate Legal Mail
PO Box 1031
Coleman, FL  33521-1031

## Certificate of Service

I, Jeffrey Spivack, certify that today, March 9, 2022, I have conventionally filed this Expedited Motion to Dismiss with Prejudice, with Incorporated Memorandum of Law with the Clerk of the District Court for the Southern District of Florida, West Palm Beach Division, and all accompanying exhibits by mailing via Priority Mail.  I further certify and, being an incarcerated person, Declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that to the best of my knowledge and belief, the United States of America is represented by counsel who is registered with the CM/EMF Docketing System.  I therefore request that a notice of the filing and services of this Motion on the United States occur through the Office of the Clerk of Court serving them using the CM/EMF Electronic Filing System.

## Declaration of Inmate Filing

I am an inmate confined to an institution.  Today, March 9, 2022, I am depositing the Expedited Motion to Dismiss with Prejudice, with Incorporated Memorandum of Law and attached exhibits in this institution's internal legal mail system.  Priority Mail postage is being paid either by me or by the institution on my behalf.  I hereby declare that the foregoing facts and allegations are true and correct, and are within the best of my personal knowledge and belief.  I make these certifications and declarations pursuant to 28 U.S.C. § 1746 under penalty of perjury.

_____
Jeffrey Spivack, Defendant, pro se

DEFENSE EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No. 21-80016-CR-Marra/Matthewman

18 U.S.C. § 1343
18 U.S.C. § 875(b)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

JEFFREY SPIVACK,

         Defendant.

_____/

FILED BY_____KJZ_____D.C.

Feb 4, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### INFORMATION

The United States Attorney for the Southern District of Florida alleges that:

### GENERAL ALLEGATIONS

At various times relevant to this Information:

1.    Defendant **JEFFREY SPIVACK** was a resident of Miami-Dade County, Florida, and a licensed private investigator.

2.    Med Safety Corporation is a Wyoming company incorporated by **JEFFREY SPIVACK** in April 2016.

3.    **JEFFREY SPIVACK** utilized a phone application ("app") called Fake Caller, which is an online app that enables users to change the sound of their voice to that of a male or female caller. Fake Caller allows users to input a phone number that the call will appear to be calling from.

DEFENSE EXHIBIT 1

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 21-80016-CR-Marra/Matthewman |
| JEFFREY SPIVACK, | ) |
| | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Valentin Rodriguez, Jr.
*Printed name of defendant's attorney*

_____
*Judge's signature*

William Matthewman, United States Magistrate Judge
*Judge's printed name and title*



# UNITED STATES POSTAL SERVICE ®

## PRIO
## M A

# FLAT RATE ENVELOPE
**ONE RATE ■ ANY WEIGHT**

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

# TRACKED ■ INSURED



EP14F May 2020

# VISIT







U.S. POSTAGE PAID
PM 2-Day
COLEMAN, FL
33521
MAR 10, 22
AMOUNT
**$0.00**
R2305K139876-09

1006

33401

# UNITED STAT
# POSTAL SERVICE ®

# MAIL

JEFFREY SPIVACK, Reg
COLEMAN FEDERAL CORRE
PO BOX 1031
COLEMAN, FL 33521

ed delivery date specified for domestic use.

omestic shipments include up to $50 of insurance (restrictions apply).*

racking® included for domestic and many international destinations.

international insurance.**

sed internationally, a customs declaration form is required.

does not cover certain items. For details regarding claims exclusions see the
ail Manual at *http://pe.usps.com*.

national Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

**TO:**

CLERK OF THE COURT
UNITED STATES DIST
SOUTHERN DISTRICT O
701 CLEMATIS
ROOM 402
WEST PALM BEAC

# T RATE ENVELOPE
# TE ■ ANY WEIGHT

**RED**

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PS TRACKING #

22 0078 9486 9971 71

Label 400 Jan. 2013
7690-16-000-7848

14F May 2020
: 12 1/2 x 9 1/2